**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**SEAN MUNEKIYO,**

        **Plaintiff,**

**v.**                                          **Case No. _____**

**TRANSFORMATIONAL HEALTH SERVICES, LLC,**

**and**

**MARCELLI PASCAL-RODRIGUEZ,**

        **Defendants.**

## COMPLAINT

Sean Munekiyo, by counsel, as and for his complaint states as follows, and demands judgment against Transformational Health Services, LLC and Marcelli Pascal-Rodriguez, jointly and severally, on the following grounds and in the following amounts:

### PRELIMINARY STATEMENT

1.      This is a civil action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., for unpaid minimum wages and overtime compensation. Plaintiff was employed by Defendants as an assistant to a physician employed by Defendants, and was not exempt from the overtime compensation requirements of FLSA. Plaintiff received no wages for the first four weeks of his employment, in violation of the FLSA minimum wage requirements. Plaintiff routinely performed job duties for Defendant well in excess of 40 hours per workweek, but received no overtime compensation, in violation of the FLSA overtime requirements.  In this civil action Plaintiff also seeks an award of wages which Defendants failed to pay to Plaintiff for the first four weeks of his employment.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. § 1331(federal question) and 29 U.S.C. § 216(b) (FLSA).

3.      This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S. Code § 1367.

4.      Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this district, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

**PARTIES**

5.      Sean Munekiyo ("Plaintiff") is an individual residing in the City of Virginia Beach.

6.      Transformational Health Services, LLC ("THS") is and at all relevant times has been a limited liability company organized and existing under the laws of the Commonwealth of Virginia and doing business in the City of Virginia Beach, Virginia.  At all relevant times THS had employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, had at least $500,000 of annual gross volume of sales made or business done, and was subject to enterprise coverage under FLSA.

7.      Marcelle Pascal-Rodriguez ("Pascal-Rodriguez") is an individual residing in the City of Virginia Beach. Since 2016, Pascal-Rodriguez had been a member of THS, and has owned operated, managed and controlled THS in all respects including but not limited to the computation and payment of wages to THS employees.

## FACTS

8.      Plaintiff began employment with THS on or about August 1, 2020.

9.      Plaintiff's primary job duties as a THS employee consisted assisting Geranameo Bullock, M.D. ("Dr. Bullock"), who was a psychiatrist employed by THS as its Medical Director, by charting medical information of patients under the care of Dr. Bullock, inputting data for Dr. Bullock's patients into THS's electronic record keeping system, and assisting Dr. Bullock with other patient-specific tasks.

10.     Before joining THS, Plaintiff had been employed by Stepping Stone Behavioral Health, which had been operated by Dr. Bullock.  In that job, Plaintiff acted as the practice administrator for Stepping Stone Behavioral Health and was paid on a salary basis.  In or about August 2020, Dr. Bullock closed Stepping Stone Behavioral Health, accepted employment with THS, and transferred his patients to THS.  Plaintiff accepted employment with THS as Dr. Bullock's assistant in connection with that transition.

11.     Before Plaintiff began employment for THS, the parties agreed that THS would pay wages to Plaintiff on salary of $800.00 per week.

12.     Although Plaintiff worked full-time for THS from August 10, 2020 through September 4, 2020, Defendants paid no wages to Plaintiff for work performed by Plaintiff during that period.

13.     After September 4, 2020, Defendants paid Plaintiff on a salary basis at the rate of $800.00 per week through June 28, 2021.

14.     During the first several months of Plaintiff's employment with THS, Plaintiff, in addition to performing his primary job duties described above, performed ancillary job duties for THS involving the transfer of Dr. Bullock's patients and records to THS and the closing of

Stepping Stone Behavioral Health.  Plaintiff performed those ancillary job duties for THS mostly on Saturdays and Sundays from August 2020 through December 2020.

15.     During the period of August 2020 through December 2020, Plaintiff, in his employment for THS, typically worked approximately sixty (60) hours per week Monday through Friday, worked approximately eight (8) hours per day on Saturdays, and worked approximately eight (8) hours per day on Sundays, for a total of approximately seventy six (76) hours per week.

16.     During the period of approximately January 2021 through early March 2021, Plaintiff, in his employment for THS, typically worked approximately sixty (60) hours per week Monday through Friday, and worked on some Saturdays.

17.     From early March until his discharge in July, 2021, Plaintiff typically worked for THS approximately forty five (45) to fifty (50) hours per week, which included work on some Saturdays.

18.     Defendants were aware of the work being performed and the hours being worked by Plaintiff performing his THS job duties.

19.     Defendants kept no records of the hours worked by Plaintiff.

20.     Plaintiff requested Defendants pay him overtime compensation, in addition to his salary, for the hours Plaintiff worked each week in excess of forty, and submitted written timesheets detailing his work hours.

21.     Defendants ignored Plaintiff's requests for overtime compensation until, in response to one such request, Pascal-Rodriguez told Plaintiff that Plaintiff was not entitled to overtime compensation because Plaintiff was paid by salary.

22.     Defendants terminated Plaintiff's employment with THS effective June 28, 2021.

## COUNT 1

## FAILUE TO PAY OVERTIME COMPENSATION
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

23.     The allegations set forth elsewhere in this Complaint are incorporated by

reference into this Count.

24.     The Fair Labor Standards Act, 29 U.S.C. § 207, required Defendant to pay

Plaintiff, in addition to his salary, overtime compensation for all hours worked in excess of 40 in

any workweek at a rate not less than one and one-half times the regular rate at which Plaintiff

was employed.

25.     Defendants failed and refused to pay such overtime compensation to Plaintiff, in

violation of FLSA

26.     As a direct result of said violation of FLSA by Defendant, Plaintiff has been

unlawfully deprived of overtime compensation to which Plaintiff was entitled under FLSA.

27.     Throughout the time Plaintiff was employed by THS, the law was clear that

Plaintiff's job duties did not satisfy the requirements of any FLSA exemption.

28.     Defendants' violation of FLSA was willful and deliberate.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and

severally, and as relief requests the following:

a.      A declaratory judgment that the wage payment policies and practices of

Defendant described herein were in violation of the Fair Labor Standards Act;

b.      An award to Plaintiff of unpaid overtime compensation in the amount of

$8,946.71 or such other amount as may be proven by the evidence at trial;

c.      An award to Plaintiff of liquidated damages equal to the unpaid overtime

compensation awarded.

d.      Costs incurred herein;

e.      Reasonable attorney's fees; and

f.      Such other and further relief as the interests of justice may require.

Plaintiff demands TRIAL BY JURY.

## COUNT 2

### FAILUE TO PAY OVERTIME COMPENSATION
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

29.     The allegations set forth elsewhere in this Complaint are incorporated by reference into this Count.

30.     The Fair Labor Standards Act, 29 U.S.C. § 206, required Defendant to pay Plaintiff, wages at a rate lot less than $7.25 per hour ("Minimum Wage").

31.     Defendants paid no wages to Plaintiff for work performed by Plaintiff from August 10, 2020 through September 4, 2020, in violation of the Minimum Wage requirement of FLSA.

32.     During that period of time, Plaintiff worked for THS approximately 76 hours per week.

33.     As a direct result of said violation of FLSA by Defendant, Plaintiff has been unlawfully deprived of approximately $2,204.00 in Minimum Wage payments to which Plaintiff was entitled under FLSA.

34.     Throughout the time Plaintiff was employed by THS, the law was clear that THS was required to pay Plaintiff not less than the Minimum Wage for all hours Plaintiff worked.

35.     Defendants' violation of FLSA was willful and deliberate.

        WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, and as relief requests the following:

6

a.        A declaratory judgment that the wage payment policies and practices of Defendant described herein were in violation of the Fair Labor Standards Act;

b.        An award to Plaintiff of unpaid wages in the amount of $2,204.00 or such other amount as may be proven by the evidence at trial;

c.        An award to Plaintiff of liquidated damages equal to the unpaid Minimum Wage payments;

d.        Costs incurred herein;

e.        Reasonable attorney's fees; and

f.        Such other and further relief as the interests of justice may require.

Plaintiff demands TRIAL BY JURY.

## COUNT 3

## BREACH OF CONTRACT BY
## FAILURE TO PAY WAGES

36.        The allegations set forth elsewhere in this Complaint are incorporated by reference into this Count.

37.        At the time Plaintiff began his employment with THS, THS offered to pay to Plaintiff wages at the rate of $800.00 per week, which offer Plaintiff accepted expressly and by commencing employment for THS under offer, and the parties thereby entered into a contract, supported by good and valuable consideration, under which THS had a duty to pay Plaintiff the aforementioned salary in exchange for the performance of work by Plaintiff for THS.

38.        THS breached said contract by failing to pay Plaintiff for his work performed for THS from August 10, 2020 through September 4, 2020.

39.        As a direct and proximate result of that breach of contract, Plaintiff was denied wages the payment of which was required under the contract between the parties.

WHEREFORE, Plaintiff demands judgment against THS, and as relief requests the following:

a.      Unpaid wages in the amount of $3,200.00 or in such other amount as may be proven by the evidence at trial;

b.      Pre-judgment interest

c.      Post-judgment interest;

d.      Costs incurred herein; and

e.      Such other and further relief as the interests of justice may require.

Plaintiff demands TRIAL BY JURY.

**SEAN MUNEKIYO**

*/s/ Raymond L. Hogge, Jr.*
Raymond L. Hogge, Jr. (VSB No. 29445)
Hogge Law
500 E. Plume Street, Suite 800
Norfolk, VA 23510
Tel: (757) 961-5400
Fax: (757) 962-5979
rayhogge@virginialaborlaw.com
Counsel for Sean Munekiyo

July 15, 2022